# EXHIBIT "A"

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:30 AM - 07/09/2013
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present at the hearing, By: Evan Tal be Hughes, Esquire time and date before a judge of the court without the absent party or parties.

**Identification Number: 93214**
There is no right KRASNER, HUGHES & LANG, LLC Decision entered by a Judge.
**1221 Locust Street**
**Philadelphia, PA 19107**
**(215) 731-9500**
**(215) 731-9908 (Fax)**

                                            **Attorney for Plaintiff**

Assem Hijazi
1108 McKean Street
Philadelphia, PA 19148

Nadezda Hijazi
1108 McKean Street
Philadelphia, PA 19148

v.

Caesars Entertainment Corporation
2100 Pacific Avenue
Atlantic City, NJ 08401

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS - CIVIL

No.

ARBITRATION MATTER

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERAL AND INFORMATION SERVICE
One Redding Center
Philadelphia, PA 19107
(215) 238-6333

## AVISO

USTED HA SIDO DEMANDADO/A EN CORTE. Si usted desea defenderse de las demandas que se persentan más adelante en las siguientes páginas, debe tomar acción dentro de los próximos veinte (20) días después de la notificación de esta Demanda y Aviso radicando personalmente o por medio de un abogado una comparecencia escrita y radicando en la Corte por escrito sus defensas de, y objecciones a , las demandas presentadas aqui en contra suya. Se le advierte de que si usted falla de tomar acción como se describe anteriormente, el caso puede proceder sin usted y un fallo por cualquier suma de dinero reclamada en la demanda o cualquier otra reclamación o remedio solicitado por el demandante puede ser dictado en contra suya por la Corte sin más aviso adicional. Used puede perder dinero o propiedad u otros derechos importantes para used.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USED NO TIENE UN ABOGADO, LLAME O VAYA A LA SIGUIENTE OFICINA. ESTA OFICINA PUEDE PROVEERLE INFORMACION A CERCA DE COMO CONSEGUIR UN ABOGADO.SI USED NO PUEDE PAGAR POR LOS SERVICIOS DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA LE PUEDA PROVEER INFORMACION SOBRE AGENCIAS QUE OFREZCAN SERVICIOS LEGALES SIN CARGO O BAJO COSTO A PERSONAS QUE CUALIFICAN.

ASSOCIATION DE LICENDIADOS DE FILADELFIA
SERVICO DE REFENCIA E INFORMACION LEGAL
One Redding Center
Fiadelfia, PA 19107
(215) 238-6333

Case ID: 121003846
Case ID: 121003846

By: Evan T. L. Hughes, Esquire
Identification Number: 93214
KRASNER, HUGHES & LONG, LLC
1221 Locust Street
Philadelphia, PA 19107
(215) 731-9500
(215) 731-9908 (Fax)

**Attorney for Plaintiff**

| | |
|---|---|
| Assem Hijazi<br>1108 McKean Street<br>Philadelphia, PA 19148<br><br>Nadezda Hijazi<br>1108 McKean Street<br>Philadelphia, PA 19148<br><br>    Plaintiffs<br><br>        v.<br><br>Caesars Entertainment Corporation<br>2100 Pacific Avenue<br>Atlantic City, NJ 08401<br><br>    Defendant | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS - CIVIL<br><br><br>No.<br><br>ARBITRATION MATTER |

## COMPLAINT

Plaintiffs, Assem Hijazi and Nadezda Hijazi, by and through their attorney, Evan T.L. Hughes, Esq., and Krasner, Hughes & Long, LLC, demand damages from Defendant Caesars Entertainment Corporation, and in support thereof states as follows:

1.  Plaintiff, Assem Hijazi, is an adult individual who resides at 1108 McKean Street, Philadelphia, PA 19418.

2.  Plaintiff, Nadezda Hijazi, is an adult individual who resides at 1108 McKean Street, Philadelphia, PA 19148.

3.  Defendant, Caesars Entertainment Corporation, is a corporation doing business in Pennsylvania, and located at 2100 Pacific Avenue, Atlantic City, NJ 08401.

4.  At all times relevant hereto, Defendant owned and operated a casino and concert

venue located at 2100 Pacific Avenue, Atlantic City, NJ 08401.

## FACTS

5. On or about March 11, 2011, the Plaintiffs were attending an Arabian Nights concert on the Defendant's premises that was at all times relevant to this action under the control, operation and maintenance of the Defendant.

6. Near the conclusion of the concert, a crowd of at least fifteen concert attendees physically attacked the Plaintiffs.

7. During the course of this attack, Nadezda Hijazi was violently shoved. Her purse was ripped from her grasp and from it five hundred (500) dollars were stolen.

8. At the same time, Assem was kicked, punched, choked, shoved and beaten repeatedly by this group of attackers.

9. After several minutes, at least ten security personnel under the employ and control of the Defendant arrived on the scene.

10. Rather than protect Assem from his attackers, aforementioned security personnel proceeded to violently shove Assem to the ground, handcuff him, "man-handle" him, and otherwise act to produce harmful and/or offensive bodily contact with his person.

11. Thereafter, security personnel dragged a barely-conscious Assem a great distance across the casino floor by his arms to the security office. Assem was then detained in the office without cause for a period of time lasting at least thirty minutes.

12. In addition, rather than allow Assem to use the restroom, security personnel forced Assem to urinate into a small water bottle while in the presence of security personnel and while being videotaped, causing Assem great humiliation.

13. As a result of the aforementioned acts, Assem sustained injuries including but not limited to: acute cervical sprain, left cervical radiculopathy, acute thoracic sprain, acute lumbar sprain, post-traumatic myofascitis, and contusions of the shoulders, left elbow, wrists, left thumb, right knee, and left shin, some or all of which may be permanent in

nature and which have caused him substantial pain and suffering and loss of income.

14. As a result of the aforementioned acts, Nadezda sustained injuries including but not limited to a bloody nose and a black eye.

15. Both Plaintiffs' bodily injuries were directly and proximately caused by the acts and/or omissions of the Defendant and/or the Defendant's agents, employees, servants, workmen, and/or representatives.

16. As a direct and proximate result of the acts of Defendant, Assem has undergone extensive medical treatment and physical therapy.

18. As a direct and proximate result of the acts of Defendant, Plaintiff has, and may continue to be, subjected to further medical procedures and treatments, and all accompanying risks, hazards, pain, suffering, discomfort, and economic losses associated therewith, all to his continuing detriment and loss, and may be compelled to expend money for medicine and medical attention, in an attempt to cure or relieve the pain caused by the aforesaid injuries.

19. Therefore, Plaintiff demands judgment in his favor against Defendant in the amount of all damages, including compensatory and punitive damages, not in excess of $50,000 plus interest, as well as such other relief as appears reasonable and just, as well as reasonable attorneys fees.

## COUNT ONE

### BATTERY

20. Paragraphs 1-19 are hereby incorporated as though fully set forth.

21. As a consequence of the intentional acts of the Defendant or its agents, Assem Hijazi endured harmful and/or offensive contacts to his person.

22. Therefore, Assem demands judgment in his favor against Defendant in the amount

of all damages, including compensatory and punitive damages, not in excess of $50,000 plus interest, as well as such other relief as appears reasonable and just, as well as reasonable attorneys fees.

## COUNT TWO

### ASSAULT

23. Paragraphs 1-22 are hereby incorporated as though fully set forth.

24. As a consequence of the intentional acts of the Defendant or its agents, Assem Hijazi was placed in reasonable apprehension of imminent harm and/or offensive bodily contact.

25. Therefore, Assem demands judgment in his favor against Defendant in the amount of all damages, including compensatory and punitive damages, not in excess of $50,000 plus interest, as well as such other relief as appears reasonable and just, as well as reasonable attorneys fees.

## COUNT THREE

### FALSE IMPRISONMENT

26. Paragraphs 1-25 are hereby incorporated as if fully set forth.

27. As a consequence of the intentional acts of the Defendant or its agents, Assem Hijazi was confined unlawfully and against his will.

28. Therefore, Assem demands judgment in his favor against Defendant in the amount of all damages, including compensatory and punitive damages, not in excess of $50,000 plus interest, as well as such other relief as appears reasonable and just, as well as

Case ID: 121003846
Case ID: 12100384

reasonable attorneys fees.

## COUNT FOUR

### NEGLIGENT HIRING, SUPERVISION, AND RETENTION

29. Paragraphs 1-28 are hereby incorporated as if fully set forth.

30. Defendant had a duty to exercise reasonable care in the hiring, retention, and supervision of its agents, representatives, and employees, including the aforementioned security personnel.

31. Defendant breached its duty to exercise such care, with such breach being the actual and proximate cause of Assem and Nadezda's injuries.

32. Therefore, Plaintiffs demand judgment in their favor against Defendant in the amount of all damages, including compensatory and punitive damages, not in excess of $50,000 plus interest, as well as such other relief as appears reasonable and just, as well as reasonable attorneys fees.

## COUNT FIVE

### NEGLIGENCE – FAILURE TO POLICE PREMISES

33. Paragraphs 1-32 are hereby incorporated as if fully set forth.

34. Owing to the nature and character of the Defendant's business as an operator of a concert venue, the Defendant has a duty to take precautions against careless and/or criminal conduct, including but not limited to providing a reasonably sufficient number of servants to afford reasonable protection.

35. By failing to police the premises against the careless and/or criminal conduct of

Case ID: 121003846
Case ID: 12100384

third parties present at the concert venue, the Defendant was directly and proximately responsible for the Assem and Nadezda Hijazi's injuries.

36. Therefore, Plaintiffs demands judgment in their favor against Defendant in the amount of all damages, including compensatory and punitive damages, not in excess of $50,000 plus interest, as well as such other relief as appears reasonable and just, as well as reasonable attorneys fees.

## COUNT SIX

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Paragraphs 1-36 are hereby incorporated as if fully set forth.

38. Assem and Nadezda Hijazi were damaged and injured as set forth above by Defendant and its agents when they intentionally caused Plaintiff severe emotional distress by their extreme and outrageous conduct.

39. Therefore, Plaintiffs demands judgment in their favor against Defendant in the amount of all damages, including compensatory and punitive damages, not in excess of $50,000 plus interest, as well as such other relief as appears reasonable and just, as well as reasonable attorneys fees.

## COUNT SEVEN

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

40. Paragraphs 1-39 are hereby incorporated as if fully set forth.

41. Assem and Nadezda Hijazi were damaged and injured as set forth above by Defendant and its agents when they negligently and/or recklessly caused Plaintiffs severe emotional distress by their extreme and outrageous conduct, and where Plaintiffs'

emotional distress resulted in the manifestation of physical symptoms.

42. Therefore, Plaintiffs demand judgment in their favor against Defendant in the amount of all damages, including compensatory and punitive damages, not in excess of $50,000 plus interest, as well as such other relief as appears reasonable and just, as well as reasonable attorneys fees.

## COUNT EIGHT

## RESPONDEAT SUPERIOR

43. Paragraphs 1-42 are hereby incorporated as if fully set forth.

44. Defendant was at all times relevant under a duty to exercise reasonable care so as to control its agents, representatives, servants, etc., while acting outside the scope of their employment so as to prevent them from intentionally harming others or from so conducting themselves as to create an unreasonable risk of bodily harm to them.

45. Defendant breached its duty of reasonable care by failing to control its security personnel and such breach directly and proximately caused Plaintiffs' injuries set out above.

46. Therefore, Plaintiffs demands judgment in their favor against Defendant in the amount of all damages, including compensatory and punitive damages, not in excess of $50,000 plus interest, as well as such other relief as appears reasonable and just, as well as reasonable attorneys fees.

Date: 10-26-12

By: _____
Evan T.L. Hughes, Esq.
Identification No. 93214
KRASNER, HUGHES & LONG, LLC
1221 Locust Street
Philadelphia, PA 19107
(215) 731-9500 (p)

Case ID: 121003846
Case ID: 12100384

## VERIFICATION

The undersigned hereby verifies that he/she is the named Plaintiff in the foregoing action, that the facts set forth in Plaintiff's Complaint are true and correct to the best of his/her knowledge, information and belief, and further states that false statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Date: 10-25-12

_____
Assem Hijazi

_____
Nadezda Hijazi

Case ID: 121003846
Case ID: 12100384